Judge Underwood
delivered the opinion of the jDouri*
Aumstrong and others filed their bik. against, the plaintiffs in error, claiming title.to lots in the town of Maysviile, and which were, as charged in the bill, also claimed by the plaintiffs, for the purpose of perpetuating testimony relative to certain facts, which were believed to be pertinent and to bear on the merits of the controversy.
The only object set out in the bill, and the only prayerwhichit'eontains,is confined to the perpetuation of testimony, in answering the bill, the plaintiffs in error set out their claim, malee their answer operate as a cross bill, and pray that the complainants maybe compelled to surr.ende,r the possession of the lots, and to account for rents, ~&c. The complainants in the circuit court, defendants in error here, demurred to so much of the answer as was designed to operate as a cross bill; the court sustained the demurrer, and the plaintiffs have brought up the record, seeking a reversal of that decision.
To sustain a bill to perpetuate testimony, the complainant must have an interest in the thing or subject, in relation to which the testimony is to be taken, if the complainant has no interest, his bill should be dismissed. The defendant in such a bill, should hr- *261 one who clains an interest in the thing or subject matter about which it is desired to perpetuate testimony; for the use of the proceeding is to give to those who may be waiting for the death or removal of witnesses, and destruction of evidence, to assert claims which might then succeed, but which could not, if the testimony in existence is perpetuated, and by such notice, to lay the foundation for introducing the testimony taken and preserved by authority of the court, although the witnesses are dead, whenever, thereafter, the defendants may attempt to assert their claims. This being the end for which a bill to perpetuate testimony is tolerated, we are of opinion that the defence to such a bill, consists in showing that the complainants have not such an interest in the thing or subject matter about which the testimony is sought to be perpetuated, as will render the perpetuation of the testimony beneficial to them, or that the defendants have no interest, which would justify the complainants to proceed against them. If the testimony, when taken, is irrelevant, if it proceeds faun interested witnesses or from any cause, should be such as ought to bo rejected, upon exception, the complainant should be compelled to pay the costs of the proceeding, audit would likewise, be regarded as an appropriate defence. Whenever, then, to establish these defences, or any one, a defendant may find it necessary to allege matter, or to call on the complainant to answer interrogatories, set forth in the answer, in the nature of a cross bill, it would be proper to tolerate a cross bill. But when the cross bill departs entirely from the objects of the bill, and introduces matter in no wise connected with them, and which does not establish a good defence, then such cross bill deserves no other answer than a demurrer.
To sustain pút^tetes'ti-mony, com* plainant Y1" jn relation to° which testi-is to bé' e‘ ‘
. Kill, to por-pinato't.-sti-m.kic’Kr w •' **:*;..- b', '’ ! : ’ K"■ ■■!. "I*''*
The cross bill, in this case, sets up title, and would depart from the object and end of the bill, to-ivit: the perpetuation of testimony, to be used in a suit which might be instituted at a future period, and desires to enter into the controversy, who has the paramount title. This, we think, cannot be permitted. If it could be, there is no bill to perpetuate testimony which might not be converted into the trial </ right of the thing concerning which the tpsi’x,.>!.r *262 was to be perpetuated, by means of a cross bill, and' thus the jurisdiction of a court of chancery would be unwarrantably enlarged.
Gross bill must be confined to subject mutter of bill.
A cross bill must be confined to the subject- matter of the bill. An entire departure from it, is not admissible. If a bill is filed fora certain purpose, the defendant to the bill cannot, by any cross bill, bring into litigation in that suit, all causes of action which, he may have against the complainant, unless there-exist some special circumstances, such as insolvency,, non-residence, &e. which would render it necessary in order to avoid irreparable injury. Thus, if a bill be filed- for a specific execution of a contract for land,, the defendant cannot,, by way of cross bill, bring into litigation, a fraud practised on him, by the complainant, in swapping horses, or a debt due by the complainant, unconnected with the contract concerning the land sought to be-enforced. The cross bill must relate exclusively to the/ subject matter of the bill,, and things connected therewith, and foreign matter cannot be introduced, unless under special circumstances. When a bill is filed to perpetuate testimony and with no other object, we consider an attempt to. try the title to the thing, concerning which the complainant desires to perpetuate testimony, as a departure from the objects of the bill, and not to.be tolerated, especially where the remedy of those who file the cross bill, from the facts stated, is at law.
If the facts stated and positions assumed in the cross bill, in this case, are true,, and the statute of limitations interposes no bar, one action of ejectment would afford the plaintiffs in error, complete redress.. The cross bill sets up claim to the land or lots, within the town of Maysvilie. It claims no lien on the lots,, to secure the price for which they sold- It charges that there was collusion and fraud in the sale of these lots, on the part of the trustees. But who those trustees are, that acted fraudulently, we are not told, nor are we informed who -the purchasers are that colluded with the trustees and profiled by the fraud. Those made defendants to the cross bill, are not charged, with being participators in this, fraud. If the cross bill had made out a case against the defendants *263 thereto, of which the chancellor might properly entertain jurisdiction, by an original bill, and on which the testimony sought to be perpetuated, was designed to operate, we think it would then be proper to sustain a cross bill, to settle the controversy, bo that when the testimony was taken, it might have an immediate and direct effect. Such a case is not made out in the cross bill.
Crittenden, for plaintiffs; Wickliffe apd Woolley, for defendants.
This opinion seems to us to result from the doctrines laid down in Maddox’s chancery,on the subjects of crossbills, II. Vol. 3260; bills to perpetuate testimony, I. Vol. 152, connected with what is said in our act of assembly, regulating proceedings in chancery, I. Dig. 217.
The judgment of the circuit court, on the demurrer, is, therefore, affirmed with costs.